IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NEDOLANDEZ SANTOS, | ) | |
| AIS # 140896, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-62-WKW |
| | ) | [WO] |
| TINA TYLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

Plaintiff Nedolandez Santos, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 complaint against multiple Defendants. (Doc. # 1.) However, Plaintiff has filed at least three federal lawsuits that have been dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g). Hence, he was required to pay the $405.00 filing fee at the time he initiated this action.[1] Because he did not submit the $405.00 filing fee, this action will be dismissed without prejudice under § 1915(g).

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00

## II. DISCUSSION

The Prison Litigation Reform Act (PLRA) imposes specific restrictions on civil rights lawsuits filed by inmates in federal court. One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Section 1915(g)'s purpose is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'") (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under this provision, if a prisoner has three or more qualifying dismissals ("strikes") and fails to pay the required $405.00 fee at the time the new complaint is filed, the court must dismiss the case without prejudice. *See Dupree*, 284 F.3d at 1236. As the Eleventh Circuit explained in *Dupree*, the three-striker cannot cure such failure by paying the filing fee after the complaint has been filed:

---

general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.*; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions in Alabama federal courts while incarcerated and has accumulated at least three strikes under § 1915(g).[2] *See, e.g.*, *Santos v. Hutto*, No. 2:09-cv-135-TMH-TFM (M.D. Ala. filed Feb. 24, 2009) (dismissed May 19, 2009, as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Santos v. Flemmings*, No. 2:09-cv-787-TMH-TFM (M.D. Ala. filed Aug. 20, 2009) (dismissed December 17, 2009, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); and *Santos v. Hale*, No. 2:09-cv-1087-ID-TFM (M.D. Ala. filed Nov. 30, 2009) (dismissed January 19, 2010, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)). These dismissals place

---

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g). *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see also United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation and internal quotations marks omitted). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The provided list of Plaintiff's "strikes" may not be exhaustive.

3

Plaintiff in violation of § 1915(g).[3]  Consequently, federal district courts in Alabama have dismissed multiple subsequent civil actions filed by Plaintiff as barred by § 1915(g)'s three-strikes provision. *See, e.g.*, *Santos v. Mitchem*, No. 2:10-cv-2057-IPJ-PWG (N.D. Ala. filed July 28, 2010) (dismissed August 3, 2010, pursuant to § 1915(g)); *Santos v. Ala. Dep't of Corr.*, No. 1:11-cv-59-CG-M (S.D. Ala. filed Feb. 3, 2011) (dismissed April 15, 2011, pursuant to § 1915(g)); *Santos v. Mitchem*, No. 7:11-cv-2666-RDP-PWG (N.D. Ala. filed July 26, 2011) (dismissed July 28, 2011, pursuant to § 1915(g)); and *Santos v. Lawson*, No. 2:12-cv-621-TMH-TFM (M.D. Ala. filed July 19, 2012) (dismissed August 29, 2012, pursuant to § 1915(g)).

Because Plaintiff has accrued three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case.  He was required to pay the $405.00 filing fee at the time he initiated this action and did not do so.  However, there is an exception to the three-strikes rule:  A three-striker can proceed *in forma pauperis* if he was "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. § 1915(g); *see also Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021)

---

[3] Plaintiff acknowledges that he has filed "previous law suit[s]," but it appears that he only admits to two. (*See* Doc. # 1 at 1.)  Contrary to his representation, Plaintiff has filed thirteen suits in the Middle District of Alabama (including this one and a separate, pending suit: *Santos v. Stallworth*, No. 2:26-cv-5-BL-JTA (M.D. Ala. filed Jan. 5, 2026)).  Additionally, Plaintiff has been advised previously by federal courts in at least four separate cases that he is subject to the three-strikes bar under § 1915(g).  Plaintiff is cautioned that his status as a *pro se* litigant does not excuse him from the obligation to provide truthful and complete information regarding his litigation history and that a failure to do so in future actions, following notice and an opportunity to respond, may serve as an independent basis for dismissal of those actions as a sanction. *See Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017).

("To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court . . . .'" (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)))). Allegations of past harm do not satisfy the requirements of the statutory exception. *Daker*, 999 F.3d at 1311; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Additionally, generalized assertions, lacking "specific fact allegations" to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g). *Medberry*, 185 F.3d at 1193; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))). In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers the complaint, in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

Plaintiff did not file an application to proceed *in forma pauperis* in this action, but even if he had, his complaint as a whole fails to meet the exception to the three-strikes provision under § 1915(g). In his complaint, Plaintiff alleges that he was

5

assaulted by multiple inmates while incarcerated at Elmore Correctional Facility.[4] (Doc. # 1 at 4.)  He claims he was "hit with a[] locker-box[] lock" and "punch[ed]," and he "had to beat on [the] cubical door" for help as he was "bleed[ing]."  He further alleges that he was provided "no adequate treatment" and that correctional officers were "making mockery face[s]" at him.  (*Id.* at 4–5.)  He also accuses the correctional-officer Defendants of engaging in a "conspiracy, obstructing justice" because they allegedly refused to retrieve the ceiling-camera footage from Plaintiff's assault.  (*Id.* at 6.)  He seeks $50,000 from each Defendant.  (*Id.* at 9.)

The bulk of Plaintiff's allegations are confusing and seemingly unrelated.  Thus, the allegations do not demonstrate that Plaintiff faced imminent danger of serious physical injury at the time he filed his complaint.[5]  Also, it appears that, since the alleged assault and before filing this action, Plaintiff has been transferred to Ventress Correctional Facility, further indicating that Plaintiff was not in imminent danger at the time of filing.  Accordingly, he does not meet the imminent-danger exception to the three-strikes provision under § 1915(g), and this case will be dismissed without prejudice.

---

[4] It is unclear whether this alleged assault occurred on November 6, 2025 (Doc. # 1 at 2) or February 6, 2025 (Doc. # 1 at 4).

[5] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  It appears that Plaintiff signed and dated his complaint "1-22-26."  (*See* Doc. # 1-1 at 2.)

## III.  CONCLUSION

Plaintiff has filed at least three federal lawsuits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), and he has not shown that he was under imminent danger of serious physical injury when he filed his complaint in this action.  Therefore, Plaintiff was required to pay the $405.00 filing fee at the time of filing his complaint but failed to do so.  Accordingly, it is ORDERED that this action is DISMISSED without prejudice under 28 U.S.C. § 1915(g).

Final Judgment will be entered separately.

DONE this 3rd day of February, 2026.

                                                /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE